**HAYNES INTERNATIONAL, INC., Plaintiff–Appellant,**

v.

**JESSOP STEEL COMPANY, Defendant–Appellee.**

No. 91–1410.

United States Court of Appeals, Federal Circuit.

Feb. 8, 1994.

Victor M. Wigman, Wigman, Cohen, Leitner and Myers, P.C., of Arlington, Virginia and Lynn J. Alstadt, Buchanan Ingersoll, P.C., of Pittsburgh, Pennsylvania, were on the Appellant's Petition for Rehearing and Suggestion for Rehearing In Banc.

William H. Webb and Kent E. Baldauf, Webb, Burden, Ziesenheim & Webb, P.C., of Pittsburgh, Pennsylvania, were on the brief for Appellee on Appellant's Petition for Rehearing and Suggestion for Rehearing In Banc.

Before RICH, NEWMAN, and PLAGER, Circuit Judges.

PLAGER, Circuit Judge.

Prior Report: 8 F.3d 1573.

## ORDER

This case is now before us on appellant's petition for rehearing and suggestion for rehearing in banc, filed Nov. 15, 1993 and appellee's brief in response thereto, filed Dec. 2, 1993, which have now been considered.

In order to clarify that the estoppel in this case arose from pre-issuance activities, and to emphasize the *unique* circumstances present in this case, we grant the petition for rehearing for the limited purpose of making the following language changes:

Page 1577, col. 2 line 33, delete "or reissue".

Page 1578, col. 1 line 19, delete "or reissue".

Page 1578, col. 2 line 8, delete "or reissue";

line 26, change "It is only" to—However,—;

line 29, change "them can it" to—them. it can—; and

line 30, after "established." insert

—A different case would be presented had the cancellation of original claims 1 and 4 occurred while prosecution was on-going, i.e., while Cabot had the opportunity in this pro-

ceeding to continue the prosecution of those claims. Had that been the case, Cabot's purpose in cancelling the claims could be divined from that act alone, and there would be no need to consider Cabot's activities or the lack thereof regarding future prosecution of the rejected claims. *But see Square Liner 360°, Inc. v. Chisum,* 691 F.2d 362, 371–72, 216 USPQ 666, 672–73 (8th Cir.1982) (Miller, J., sitting by designation) (holding that, even in this instance, the applicant's filing of a continuation-in-part application containing claims directed to the cancelled subject matter precluded the finding of an estoppel).—.

In all other respects, the petition is denied.

PAULINE NEWMAN, Circuit Judge, concurring in part, dissenting in part.

I of course concur in withdrawal of the court's requirement that the patentee must have sought a reissue patent in order to invoke the doctrine of equivalents. The requirement that a patentee have attempted by reissue to obtain claims of a scope that would have been literally infringed, before being permitted to rely on the doctrine of equivalents, was curious indeed.

However, the panel majority has chosen to retain the similar obligation in the form of filing a continuation application. The purpose of this obligation is apparently to require further prosecution of the broader claims that had been rejected by the examiner and the Board of Patent Appeals, before the patentee will be permitted to rely on the doctrine of equivalents. The panel thus re-

quires that refiling be made, fee paid, prosecution pressed, issuance delayed, attorney fees incurred, and perhaps appeals taken, lest the patentee forfeit the opportunity to invoke equivalency over the life of the patent.

This obligation is no less curious than that of reissue: if the result were the grant of claims broad enough to read on the accused composition, then there would be no need for recourse to the doctrine of equivalents; and if the result were claims that do not reach the accused composition, it seems to me that there would be an enhanced estoppel, not an enhanced access to the doctrine of equivalents. Indeed, the panel majority's new rationale, placing controlling significance on the fact that Cabot did not cancel claims 1–4 until after the appeal instead of during prosecution, itself raises new and troublesome questions.

This expensive and unworkable procedure is not the way to cure any perceived deficiencies in the doctrine of equivalents. This doctrine has long existed to permit the courts to remedy a "fraud on the patent"; it is not necessary to change the entire pattern of patent prosecution in order to permit the courts to reach a just result.